IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: LAMBERT OIL COMPANY, INC. | ) | |
| | ) | CHAPTER  7 |
| | ) | |
| | ) | CASE NO. 03-01183-WSA |
| | ) | |

_____

| | | |
|---|---|---|
| | ) | |
| WILLIAM E. CALLAHAN, JR., TRUSTEE | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | |
| MOUNTAIN EMPIRE OIL COMPANY, INC. | ) | 04-07135 |
| QUALITY PROPERTIES, L.P., and | ) | |
| S & T INVESTMENT COMPANY, LLC | ) | |
| Defendants | ) | |
| | ) | |

_____

MEMORANDUM DECISION

The matter before the Court is the Plaintiff's Second Motion For Leave To

Amend Complaint filed on March 10, 2006,  which the Defendants oppose.  This adversary

proceeding was commenced by a complaint filed on November 30, 2004.  The relief sought in

that complaint was to recover from one or more of the Defendants the value of their use and

occupancy of two convenience stores owned by the Debtor which one or more of them ha d

operated for more than two years prior to the closing of the Plaintiff's sale of such stores.  In

their responsive pleadings, the Defendants, which are commonly owned, took the position that

any rights the Trustee had for such pre-sale rents were conveyed in the Trustee's deeds of

conveyance because  such claims were  part of the bundle of ownership rights conveyed with the

fee simple title to the properties and were not expressly excepted or excluded therefrom.  On

August 18, 2005 the Plaintiff filed his first Motion to Amend his complaint and such Motion was

granted by this Court's order entered September 13, 2005.  The Trustee, to try and protect the

bankruptcy estate from the legal position asserted by the Defendants in the event such position

were determined by this Court to have any merit, then added a count to his complaint seeking

reformation of the deeds of conveyance to express the alleged mutual intent of the parties that

any claims for pre-sale rents were excepted from the conveyances.  The Defendants filed their

responsive pleadings to the amended complaint.  On October 20, 2005 this Court entered a

scheduling order which provided that all discovery was to be completed by February 17, 2006

and that any motions be filed by March 10, 2006.  On that day the Trustee filed his Second

Motion For Leave To Amend Complaint and the Defendants filed their Motion For Summary

Judgment to the Amended Complaint.

The Motion For Summary Judgment was noticed for a hearing on March 22,

2006. The Plaintiff did not at that time  notice the Motion To Amend for hearing.  Both parties

filed briefs supporting their respective positions regarding the summary judgment motion and the

Court took the same under advisement.  By its Memorandum Decision dated May 8, 2006 and

Order entered the same date this Court denied the Motion For Summary Judgment and directed

the Plaintiff to notice his Motion To Amend Complaint for a hearing if he still wished to proceed

with it.  He did so and the Court heard the arguments of counsel thereon in a telephone

conference call held on June 29 at which time the Court took the matter under advisement and

promised a written decision on same.

The Motion now before the Court seeks to add a new count under 11 U.S.C. § §

549 and 550 to the effect any purported transfer of any estate claims for pre-sale rents was not

authorized by the Court and therefore would be avoidable by the Trustee as an unauthorized

post-filing transfer of property of the estate.  In their Response to this Motion the Defendants

assert in paragraph # 10 as follows:

> Section 549 is not applicable to this case.  Either the Trustee's right to be paid for
> pre-June 29, 2004 occupancy and possession, if any, was transferred pursuant to
> the authority of the Order (Docket #185) authorizing the sale of the property of
> the estate, in which case §549 would not apply, or the Order did not authorize the
> transfer of such right, in which case the Trustee would still retain possession of
> the right to collect rent.

In its Memorandum Decision upon the Defendants' Motion For Summary

Judgment this Court determined and ruled that the deeds executed and delivered by the Trustee

conveyed only the right permitting the grantees to recover only non-accrued rents due the

Trustee and that such non-accrued rents, if any, could not exceed rent due for the month in which

such conveyances occurred, and if the initial rent paid for the use and occupancy of the premises

was payable in advance at the beginning of a particular lease month, there were no non-accrued

rents transferred by such deeds.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28

U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District

Court on July 24, 1984.   Proceedings to recover property of the bankruptcy estate are "core"

bankruptcy proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O).

Federal Rule of Bankruptcy Procedure 7015 provides that leave to amend

pleadings "shall be freely given when justice so requires."  The trial court is entrusted with

"sound discretion" in deciding whether or not such a motion should be granted.  *See Deasy v.

Hill*, 833 F.2d 38, 40 (4th Cir. 1987).  The count which the Trustee seeks to add to his complaint

would add a theory of recovery which could have been asserted in the first amended complaint

and in the Court's view is not one which facts later revealed in discovery made applicable.  The

Defendants' position that pre-sale rents were conveyed incident to the deeds of conveyance of

title to the underlying properties has not changed, although the exact nature of counsel's legal

arguments may not have been entirely clear to the Trustee at the beginning.  Nevertheless, no

persuasive rationale has been offered to the Court as to why this particular theory of recovery

was not discernible by the Trustee when he sought and obtained the right to file his first

amended complaint.  This Court concludes upon the rationale stated below that the "ends of

justice" do not require that the Second Motion For Leave To Amend Complaint be granted.

The Court agrees with counsel for the Defendants that by its express terms section

549 does not apply to transfers authorized by the Court.  The sale and conveyance of the

properties in question were certainly approved by this Court.  If the conveyance of fee simple

title to such properties did include the right to collect non-accrued rents, such right properly

passed to the grantees, subject to the Trustee's asserted claim in Count Two of the Amended

Complaint.  The Defendants have expressly acknowledged in their Response to the Trustee's

Motion that if the Court's approval of the transactions in question did not include the right to

collect and retain pre-sale rents, "the Trustee would still retain possession of the right to collect

rent."  Accordingly, the Court concludes that the Defendants would be estopped to argue that the

Trustee's proper cause of action, if any, is one under sections 549 and 550 of the Code.

Therefore, no amendment of the amended complaint is necessary to protect the Trustee's right to

collect pre-sale rent if the Court's approval of the sale transaction did not extend to the transfer

of any separate and distinct claims for such rent.

By separate order the Court will deny the Plaintiff's Second Motion For Leave To

Amend Complaint and will set this proceeding for trial.

This 30th day of June, 2006.

_____
William F. Stone, Jr.
United States Bankruptcy Judge